IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal Action No. 1:09-cr-00159 |
| v. : | |
| : | (Chief Judge Kane) |
| RAHSEEM DRUMMOND, : | |
|     Defendant : | |

## MEMORANDUM

Before the Court is Defendant Rahseem Drummond's motion in limine to exclude photographs of himself and testimony that he beat a co-Defendant, used PCP, and possessed firearms. (Doc. No. 199.) For the reasons that follow, the motion will be granted in part.

## I.   BACKGROUND

On May 6, 2009, Defendant Rahseem Drummond was arrested while traveling as a passenger in a vehicle south of Harrisburg. On May 13, 2009, Defendant was indicted on charges of possessing with intent to distribute cocaine and marijuana, using a communication facility in furtherance of drug trafficking, and conspiring to distribute cocaine and marijuana. (Doc. No. 1.) On July 29, 2009, a Superseding Indictment was issued adding the charge of using interstate commerce in furtherance of drug trafficking. (Doc. No. 79.) On July 30, 2009, Defendant moved to suppress evidence obtained at the time of the arrest, but the motion was denied by the Court. (Doc. Nos. 77, 202.)

On February 4, 2010, Defendant filed this motion *in limine* to preclude introduction of prejudicial evidence at trial. Specifically, Defendant learned through discovery provided by the Government that the Government intends to present photographs from Defendant's MySpace page at trial. (Doc. No. 199 at 2.) Defendant also takes issue with the Government's intention to present testimony from Co-Defendant Chanel Thomas and her mother, Robin Thomas, that

Defendant beat Thomas, used PCP, and possessed firearms. (Id.) Defendant argues that the photographs, as well as any testimony related to his abuse of Thomas, PCP use, and possession of firearms, should be precluded from trial under Federal Rules of Evidence 402, 403, or 404(b).

## II.     DISCUSSION

### A.     Admissibility of Photographs from Defendant's MySpace Page

The Court begins with consideration of the photographs from Defendant's MySpace page. The photos depict Defendant counting, showing-off, and throwing large wads of cash while wearing a hat and sunglasses. (Doc. No. 199-2.) It is unclear from the photos the amount of money in Defendant's possession or the way in which he obtained the bills. Additionally, one photo depicts Defendant either pretending to point a gun at the camera or pointing a gun at the camera. (Doc. No. 199-2 at 7.) The Court's copy of the latter precludes the Court from discerning whether any weapon actually is shown in the photograph.

Defendant argues that the photos are not probative of any of the crimes charged. Alternatively, Defendant argues that the probative value of the photos is substantially outweighed by the danger of unfair prejudice. By contrast, the Government maintains that testimony will demonstrate that Defendant had no job at the time the photographs were taken and thus no known means of income. From this, the Government argues, it is logical to infer that Defendant obtained the cash from drug sales. The Government asserts that the photos of Defendant holding cash are circumstantial evidence of drug trafficking. Likewise, with respect to the photo of Defendant pointing a gun, the Government contends that his possession of firearms is "intrinsic" to the crime of conspiring to distribute drugs, and thus all evidence related to possession of a firearm is necessarily admissible as direct evidence of the crime charged.

2

The Court begins by finding that the photographs of Defendant holding cash are relevant. Possession of large amounts of cash on-hand can be circumstantial evidence of drug trafficking. See United States v. Chandler, 326 F.3d 210, 215 (3d Cir. 2003) ("The touchstone of the admissibility inquiry is not the amount of money in the defendant's possession, but whether defendant's failure to account for its source tends to support the government's claim that the money was obtained through illegitimate means."); United States v. Cooley, 131 Fed. Appx. 881, 883 (3d Cir. 2005) (allowing testimony that the defendant, an alleged drug trafficker, possessed over $10,000, as evidence of drug trafficking even though the funds were not linked to a specific drug transaction) (unpublished opinion).

Yet without question, the photos are prejudicial to Defendant. Federal Rule of Evidence 403 provides that relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Fed. R. Evid. 403. In this case, the photographs at issue pose a significant risk of provoking an emotional reaction from the jury–that he is a drug dealer because he looks like a drug dealer in the photos–, which is likely to outweigh the probative value of him possessing an unknown amount of cash from an unknown source. See Fed. R. Evid. 403 advisory committee's note (defining unfair prejudice as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."). Moreover, evidence that Defendant possessed large quantities of cash despite his absence of a job or known source of income is, in all likelihood, capable of being presented through oral testimony much less prejudicial than these photos, making the prejudice of these photos avoidable.

The Court cannot, at this point, make a determination as to whether the photos are admissible under Rule 403, in advance of knowing what exactly the testimony will reveal at trial. See In re Paoli Ry. PCB Litigation, 916 F.2d 829, 859 (3d Cir. 1990) ("We believe that Rule 403 is a trial-oriented rule."). The Court notes only that, if testimony presents evidence that Defendant had no known source of income and yet often had significant quantities of cash on-hand, but Defendant disputes having possessed large amounts cash, it is possible that the relevance of the photos could outweigh any unfair prejudice.

Turning now to consideration of the photograph where Defendant is posing as if pointing a gun, the same issues apply. As the Government suggests, possession of a firearm may be relevant to a charge of drug trafficking because firearms are known to be "tools of the trade" of drug trafficking. United States v. Russell, 134 F.3d 171, 183 (3d Cir. 1998) ("[I]t has long been recognized that firearms are relevant evidence in the prosecution of drug-related offenses, because guns are tools of the drug trade."); United States v. Goodnight, 67 Fed.Appx. 677, 681 (3d Cir. 2003) ("Moreover, gun possession may serve as circumstantial evidence from which a jury can infer drug activity.") (unpublished opinion). However, the Government has not stated that testimony in this case will support the assertion that Defendant or the members of his conspiracy used firearms in furtherance of their drug-trafficking endeavors. Therefore, it is unclear to the Court that, in this case, possession of a firearm is intrinsic to the drug trafficking or conspiracy charged. See United States v. Cross, 308 F.3d 308, 320 (3d Cir. 2002) (citing United States v. Bowie, 232 F.3d 923, 927-28 (D.C.Cir. 2000) ("[I]t cannot be that all evidence tending to prove the crime is part of the crime because that would make Rule 404(b) a 'a nullity.'")); United States v. Hoffecker, 530 F.3d 137, 189 (3d Cir. 2008). More importantly, the

4

photograph is problematic because the Court cannot determine from the photocopy provided whether Defendant actually is possessing a firearm, or whether he is simply mimicking the stance of a shooter. Thus the Court cannot make a final determination on the admissibility of this photograph without more information.

For these reasons, the Court will defer ruling on the admissibility of all photographs appended to Defendant's motion. These aspects of Defendant's motion will be held in abeyance and ruled on at trial.

### B. Testimony Related to Defendant's PCP Use

Defendant next argues that testimony from Chanel Thomas or her mother that he used the drug PCP should be ruled inadmissible. The Government argues that testimony related to Defendant's PCP use is admissible as an act committed in furtherance of the conspiracy to distribute marijuana and cocaine.

It is true, as the Government argues, that evidence in furtherance of a conspiracy, even if an uncharged act of the conspiracy, is not inadmissible under Rule 404(b). See United States v. Gibbs, 190 F.3d 188, 217 (3d Cir. 1999) ("Rule 404(b), which proscribes the admission of evidence of other crimes when offered to prove bad character, does not apply to evidence of uncharged offenses committed by a defendant when those acts are intrinsic to the proof of the charged offense."). It does not necessarily follow, however, that personal use of a drug not alleged to be a type of drug sold in the conspiracy is in any way linked to the conspiracy charged. The Government has not connected Defendant's alleged PCP use to the conspiracy. Moreover, there is a significant risk of the evidence being used as impermissible character evidence. The jury is most likely to conclude that, because Defendant is a drug user, he is likely

5

to be a drug dealer, as well. This is the precise type of inference that Federal Rule of Evidence 404 deems improper. The Government has provided no reason to suppose Defendant's personal use of PCP is in any way probative of, or was an act in furtherance of, the conspiracy charged. Accordingly, testimony that Defendant used PCP is impermissible under Rule 404(b) unless the Government provides evidence or testimony to indicate it was in furtherance of the conspiracy or other crimes charged.

### C. Testimony Related to Defendant's Abuse of Chanel Thomas

Defendant next urges the Court to proscribe any testimony Chanel Thomas or her mother may put forward alleging that he abused Thomas. Though the Government argues that such testimony is necessary to provide context for Thomas' motivation for testifying against Defendant, the Court is unpersuaded.

First, it is not probative of Defendant's guilt that Thomas initially went to the police with information because Defendant abused her. Such testimony would constitute evidence of "other crimes, wrongs or acts" impermissible under 404(b) and the Government has not articulated a proper purpose for its admission under that rule. Fed. R. Evid. 404(b). To the extent the Government seeks to admit the testimony to inform the jury of Thomas' potential bias against Defendant, the Court finds that the danger of unfair prejudice substantially outweighs the probative value of any such testimony. Knowledge that Defendant is a domestic abuser poses significant risks of provoking an emotional reaction from jury members that Defendant is a bad, violent person, deserving of a criminal conviction. See Fed. R. Evid. 403 advisory committee's note (defining unfair prejudice as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."). Moreover, if the Government deems the

context of Thomas' initial revelation to the police necessary, it can convey that information in a less prejudicial manner by, for example, simply eliciting testimony that she was in an on-again, off-again relationship with Defendant and provided information to the police when their relationship was unstable.

Accordingly, Defendant's motion in limine to preclude testimony from Thomas or her mother that Defendant physically abused Thomas during their relationship will be granted. Such testimony is generally not probative, and to the extent it might be, that probative value is outweighed by the danger of unfair prejudice.

### C. Testimony Related to Defendant's Firearm Use

Last, Defendant argues that Thomas and her mother should also be prohibited from testifying that Defendant possessed firearms. As with the photo discussed above, the Government argues that such testimony is relevant because firearm use is a "tool of the trade" for drug traffickers.

The Court acknowledges that, as stated above, firearm use is correlated with drug trafficking, and therefore testimony of firearm use may be probative of the allegations against Defendant. United States v. Russell, 134 F.3d 171, 183 (3d Cir. 1998) ("[I]t has long been recognized that firearms are relevant evidence in the prosecution of drug-related offenses, because guns are tools of the drug trade."). Additionally, testimony from the suppression hearing indicates that firearm use may, in fact, be an uncharged element of the conspiracy and therefore intrinsic to the crime charged. See United States v. Bobb, 471 F.3d 491, 497 (3d Cir. 2006) ("Rule 404(b), which proscribes the admission of evidence of other crimes when offered to prove bad character, does not apply to evidence of uncharged offenses committed by a defendant when

7

those acts are intrinsic to the proof of the charged offense." (quoting United States v. Gibbs, 190 F.3d 188, 217 (3d Cir. 1999)). Even if probative, however, the Court must still determine that the probative value of the testimony regarding Defendant's gun use substantially outweighs the prejudicial value in accordance with Rule 403. The Court cannot make such a determination, however, because the briefs have not provided the Court sufficient information to determine whether trial testimony will suggest Defendant's firearm use or sales to be an aspect of the conspiracy, or whether testimony will suggest that the firearm was used in another capacity. The difference is important, as testimony portraying Defendant to be "armed and dangerous" may provoke an unwarranted prejudicial response from the jury.

Because the Court has insufficient evidence at this time to determine whether testimony related to Defendant's firearm use is being admitted as intrinsic to the conspiracy or circumstantial evidence, and also whether it is more prejudicial than probative, the Court will defer ruling on the admissibility of testimony related to his firearm use until trial. See In re Paoli Ry. PCB Litigation, 916 F.2d at 859 (emphasizing that Rule 403 determinations are best made in the course of trial, so that the Court may take into consideration the testimony presented and tone of the trial).

### III. CONCLUSION

For foregoing reasons, the Court finds that Defendant's motion in limine will be granted with respect to testimony related to his personal PCP use and abuse of Chanel Thomas. In all other respects, the Court defers ruling on the issues until trial.

An order consistent with this memorandum follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Criminal Action No. 1:09-cr-00159** |
| **v.** : | |
| : | **(Chief Judge Kane)** |
| **RAHSEEM DRUMMOND,** : | |
|     **Defendant** : | |

## **ORDER**

**AND NOW**, this 29th day of March 2010, upon consideration of Defendant's motion in limine (Doc. No. 199), **IT IS HEREBY ORDERED** that the motion is **GRANTED** in part as follows: Testimony regarding Defendant's abuse of Chanel Thomas and Defendant's PCP use is **not admissible** as trial. As to all other issues raised, the motion is **HELD IN ABEYANCE** for a determination at trial**.**

                                                                                                       S/ Yvette Kane
                                                                                                       Yvette Kane, Chief Judge
                                                                                                       United States District Court
                                                                                                         Middle District of Pennsylvania