**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **Criminal Action No. 1:09-cr-00159** |
| v. | : | |
| | : | **(Chief Judge Kane)** |
| RAHSEEM DRUMMOND, | : | |
| Defendant | : | |

**MEMORANDUM**

On June 22, 2011, the Court held a hearing on defense counsel's motion to withdraw as counsel (Doc. No. 386).  At the conclusion of the hearing, the Court deemed the motion to withdraw to be withdrawn.  (Doc. No. 395.)  The Court writes now for the benefit of the parties to provide further context to its order deeming the motion to withdraw as counsel withdrawn.

**I.     DEFENDANT'S ATTORNEY HISTORY**

To date, the Court has appointed five attorneys to represent Defendant.  All five[1] have either filed motions to withdraw or have been dismissed by Defendant.  As explained at the June 22, 2011 hearing on Attorney Boyle's motion to withdraw, the Court is convinced that the breakdown in these attorney-client relationships is due in large part, if not exclusively, to Defendant's own conduct.

On May 29, 2009, the Court appointed Attorney John Abom to represent Defendant. (Doc. No. 47.)  On November 3, 2009, Attorney Abom filed a motion to withdraw as counsel. (Doc. No. 164.)  In the motion, Attorney Abom noted that (1) "[a]t the time of the Superseding Indictment, the Defendant expressed out loud to the Court and, following his appearance, to

---

[1] After an extended hearing, Defendant's current counsel agreed to endeavor to continue to represent Defendant and withdrew his motion to withdraw from this matter.

everyone remaining in the Courtroom his sheer dissatisfaction with the efforts" of Attorney
Abom; (2) Defendant indicated that he felt unsafe with Attorney Abom as counsel; (3)
Defendant accused Attorney Abom of being an agent of the United States Attorney's Office; and
(4) Defendant stated that he did not wish Attorney Abom to represent him in this matter.  (Id.)
On November 16, 2009, the Court granted the motion to withdraw.  (Doc. No. 165.)

The Court appointed Attorney Laurence Kress to represent Defendant in this matter on
November 16, 2009.  (Id.)  On February 16, 2010, Defendant accused Attorney Kress of
purposefully failing to preserve issues and violating his right to effective counsel.  (Doc. No.
205.)  On March 30, 2010, Defendant wrote to the Court to "object to pursue this trial with
Laurence C. Kress as [his] lawyer and representative."  (Doc. No. 230.)  In that letter Defendant
further noted that he had "asked [the Court] several times to remove [Attorney Kress] off my
case."  (Id.)  Attorney Kress filed a motion on April 14, 2010, requesting leave to withdraw as
counsel.  (Doc. No. 242.)  The reasons given for the motion were that Defendant "repeatedly"
accused Attorney Kress of ineffectiveness and of working for the Government to undermine
Defendant's case.  (Id.)  Attorney Kress reported that Defendant ordered Attorney Kress to stop
speaking with him and that "Mr. Drummond's hostility ha[d] intensified to the point where he
w[ould] not speak with counsel at all."  (Id.)  The Court granted Attorney Kress's motion to
withdraw on April 19, 2010.  (Doc. No. 245.)

On April 19, 2010, the Court appointed Attorney Terrence J. McGowan to represent
Defendant.  (Id.)  On June 10, 2010, Defendant wrote to the Court requesting that Attorney
McGowan be removed from the case.  (Doc. No. 268.)  In that letter, Defendant accused
Attorney McGowan of failing to file motions regarding Attorney Abom's alleged

ineffectiveness, pressuring Defendant into taking a plea, and failing to respond to Defendant's correspondence. (Id.) During Defendant's arraignment on the Second Superseding Indictment, Defendant further made allegations regarding Attorney McGowan's ineffectiveness to Magistrate Judge Smyser. (Doc. No. 279.) On July 26, 2010, the Court held a status conference in which Defendant informed the Court that he would not require new counsel. (Doc. No. 293.) However, just two weeks later, on August 11, 2010, Defendant accused Attorney McGowan of ineffectiveness and requested the Court appoint a new attorney to represent him. (Doc. No. 302.) On September 21, 2010, counsel filed a motion to withdraw. (Doc. No. 308.) In that motion Attorney McGowan noted that Defendant had written to the Court on a number of occasions requesting alternate counsel, that Defendant and Attorney McGowan had irreconcilable differences, and that neither wished to continue an attorney-client relationship. (Id.) The Court granted counsel's motion to withdraw on September 27, 2010. (Doc. No. 311.)

On September 27, 2010, the Court appointed Erin Zimmerer to represent Defendant in this matter. (Id.) Just one month later, in a letter dated October 27, 2010, Defendant wrote to the Court that "[o]nce again I have been provided with another agent for the government to represent me." (Doc. No. 325.) Defendant then went on to detail the alleged abuses of his three prior counsel, to whom Defendant referred as "co-conspirators to assist the U.S. Attorney." (Id.) He then claimed that Attorney Zimmerer informed him that the Court was biased against him and that the United States Attorney would fabricate evidence at trial. (Id.) He finally informed the court that Attorney Zimmerer "has lacked confidence to uphold integrity and justice in defending her client Rasheem Drummond to her best ability" and reiterated his right "to effective counseling not ineffective counseling." (Id.) Defendant then sent a letter addressed to Attorney

3

Zimmerer and dated November 2, 2010, directly to the Court in which he asks Attorney Zimmerer to "stop acting as a Trojan Horse" and to "stop stalling time assisting Mr. Behe to falsely convict me by forcing me into trial unjustly."  (Doc. No. 324.)  Defendant entered a guilty plea on December 2, 2010.  (Doc. No. 340.)  However, in January 2011, Defendant resumed complaining to the Court regarding Attorney Zimmerer's representation.  In a letter dated January 15, 2011, Defendant accused her of violating the rules of professional conduct and coercing Defendant into accepting a plea.  (Doc. No. 349.)  In a letter dated January 24, 2010, Defendant accused Attorney Zimmerer of failing to submit motions he had requested and failing to meet the ten day deadlines he had set for her to respond to his questions.  (Doc. No. 350.)  In this letter he once again accused her of "Trojan Horse activities."  (Id.)  On February 18, 2011, Defendant requested Attorney Zimmerer be removed from his case and again accused her of "Trojan Horse activities assisting the U.S. rather than her client."  (Doc. No. 351.)  He also stated that he was forced to accept the plea.  (Id.)  On March 1, 2011, Defendant against accused Attorney Zimmerer of ineffective assistance of counsel and stated that "it is a pattern for the government officials such as lawyers, prosecutors, and judges in the United States District Court to conspire to maliciously prosecute defendants."  (Doc. No. 352.)  On March 9, 2011, the Court held a hearing in which Attorney Zimmerer informed the Court that Defendant had stopped communicating with her and that he refused to see her when she visited Defendant at the Franklin County Prison.  (Doc. No. 355.)  Accordingly, the Court removed Attorney Zimmerer from the case and warned Defendant that although the Court would appoint a new attorney to represent him, that this would be the last attorney appointed to represent Defendant.  (Id.)

On March 15, 2011, the Court appointed Attorney Dennis Boyle to represent Defendant.

4

(Doc. No. 359.)  Defendant filed a letter with this Court on April 13, 2011, complaining about the conduct of Attorney Zimmerer.  (Doc. No. 362.)  On April 26, 2011, Defendant first raised objections to Attorney Boyle's communication with Defendant.  (Doc. No. 368.)  On May 6, 2011, and May 9, 2011, Defendant again sent letters to the Court complaining about Attorney Zimmerer's representation and informing the Court that he had requested Attorney Boyle obtain documents regarding Attorney Zimmerer's representation of Defendant.  (Doc. Nos. 373, 375.) On May 12, 2011, May 16, 2011, May 18, 2011, and June 1, 2011, Defendant wrote to the Court to complain about Attorney Boyle's failure to file motions and obtain certain documents, and to accuse Attorney Boyle of working for the United States Attorney.  (Doc. Nos. 376, 378, 379, 383.)  Finally, on June 6, 2011, Attorney Boyle filed a motion to withdraw as Defendant's counsel.  (Doc. No. 386.)  Attorney Boyle noted that Defendant had repeatedly questioned his integrity in letters to the Court, had accused him of racism, and indicated that there was "a complete and total breakdown in communication and in the attorney-client relationship."  (Id.) On June 22, 2011, the Court held a hearing on the motion during which the Court warned Defendant of the perils of proceeding pro se and informed him that he would be better served to have Attorney Boyle represent him at his sentencing.  Following a discussion outside the presence of the Court, Attorney Boyle indicated that he would attempt to continue representing Defendant and withdrew his motion to withdraw.

## II.     FORFEITURE AND WAIVER BY CONDUCT OF SIXTH AMENDMENT RIGHTS

The Sixth Amendment protects the right of an accused to have an attorney present at all critical stages of a prosecution.  United States v. Wade, 388 U.S. 218, 238 (1967).  The Sixth Amendment does not, however, empower a defendant "to play a 'cat and mouse' game with the

court, or by ruse or stratagem fraudulently seek to have the trial judge placed in a position where, in moving along the business of the court, the judge appears to be arbitrarily depriving the defendant of counsel." United States v. McMann, 386 F.2d 611, 618-19 (2d Cir. 1968); see also Sullivan v. Pitcher, 82 F. App'x. 162, 165-66 (6th Cir. 2003) (concluding that where the Sixth Amendment is used as a sword rather than a shield, courts have "not hesitated to find waiver through conduct"); United States v. Irorere, 228 F.3d 816, 826 (7th Cir. 2000) (finding that "a defendant may waive his right to counsel through his own contumacious conduct" and concluding that the district court did not err in refusing to provide defendant with an attorney at sentencing where the court had previously appointed four attorneys); United States v. Allen, 895 F.2d 1577, 1578 (10th Cir. 1990) (quoting McMann and treating defendant's dilatory conduct as a request to proceed pro se). The Third Circuit Court of Appeals recognizes that a defendant may relinquish his Sixth Amendment right to counsel via formal waiver, waiver by conduct, and forfeiture. See United States v. Goldberg, 67 F.3d 1092, 1099-1101 (3d Cir. 1995).

The Third Circuit recently explained the applicability of these doctrines in United States v. Thomas:

> Waiver involves the intentional and voluntary relinquishment of a known right. Waiver of the right to counsel must be knowing, voluntary and intelligent. It is clear from the Supreme Court's decision in Faretta v. California, 422 U.S. 806, 835 (1975), and this court's decision in United States v. Welty, 674 F.2d 185, 188 (3d Cir. 1982), that the district court must undertake an affirmative on-the-record colloquy to explain to the defendant the possibility of waiver and give the defendant an awareness of the dangers and disadvantages inherent in defending oneself. A defendant's waiver of counsel can be deemed effective only where the district court judge has made a searching inquiry sufficient to satisfy him that the defendant's waiver was understanding and voluntary.
>
> Although waiver most commonly is effected by an affirmative, verbal

request to proceed pro se, waiver also may be effected by conduct. If the district court has warned the defendant that he will lose his attorney if he engages in dilatory misconduct, any misconduct thereafter may be treated as an implied request to proceed pro se and, thus, as a waiver of the right to counsel.

By contrast, forfeiture results in the loss of a right regardless of the defendant's knowledge thereof and irrespective of whether the defendant intended to relinquish the right.  A court may find that a defendant has forfeited his or her right to counsel after having engaged in extremely dilatory conduct or extremely serious misconduct.  Forfeiture can be found regardless of whether the defendant has been warned about engaging in misconduct, and regardless of whether the defendant has been advised of the risks of proceeding pro se.  In United States v. McLeod, 53 F.3d 322 (11th Cir. 1995), the court found forfeiture based on a defendant's verbal abusiveness, threats to harm an attorney, and attempts to make an attorney engage in unethical activities.  We have cited McLeod approvingly in Leggett and Goldberg.

United States v. Thomas, 357 F.3d 357, 362-363 (3d Cir. 2004) (internal citations and quotations omitted) (finding defendant forfeited his right to counsel where in his dealings with four attorneys defendant made reference to a physical confrontation with a lawyer, had been verbally abusive, refused to cooperate in his defense, hung up on his attorney, and attempted to force his attorney to file meritless motions); see also United States v. Kosow, 400 F. App'x. 698, 702 (3d Cir. 2010) (concluding defendant waived his right to counsel by conduct where defendant received, and fired or alienated, four consecutive appointed attorneys).

        In the present matter, Defendant has received five court appointed counsel.  The Court, upon appointing Defendant's current attorney, warned Defendant that the Court would not appoint a sixth attorney to represent him in this matter.  In light of the serious penalties Defendant faces and the complicated issues that confront Defendant in proceeding with the sentencing, the Court reiterates that it is in Defendant's best interest to ensure that his current

attorney-client relationship is successful.  The Court further emphasizes that if there is yet another breakdown of the attorney-client relationship, the Court may determine that Defendant has forfeited his right to counsel or that Defendant has waived his right to counsel through his conduct.

**ACCORDINGLY**, this 7th day of July, 2011, **IT IS HEREBY ORDERED THAT** counsel's motion to withdraw is deemed withdrawn.  The Defendant is directed to cooperate with counsel.

 S/ Yvette Kane                              
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania